11-189-cv
*Pietrangelo v. Alvas Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of July, two thousand twelve.

PRESENT:
             RICHARD C. WESLEY,
             SUSAN L. CARNEY,
                      *Circuit Judges*,
             ROSLYNN R. MAUSKOPF,
                      *District Judge*.*

_____

JAMES E. PIETRANGELO, II,

         *Plaintiff-Appellant*,

                  v.                              11-189-cv

ALVAS CORPORATION, DBA PINE STREET DELI,
GEORGE ALVANOS, CHRISTINE ALVANOS, EVAN
ALVANOS, JOHN DOE, CITY OF BURLINGTON,
EMMETT B. HELRICH, in his personal and
official capacities, WADE LABRECQUE, in
his personal and official capacities,
WILLIAM SORRELL, in his official capacity,

         *Defendants-Appellees*.**

_____

---

* The Honorable Roslynn R. Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.

** The Clerk of Court is respectfully instructed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT:    James E. Pietrangelo, II, *pro se*, Avon, OH.

FOR DEFENDANTS-APPELLEES
Alvas Corporation, DBA
Pine Street Deli, George
Alvanos, Christine Alvanos,
Evan Alvanos:    Robin Ober Cooley, Pierson Wadhams Quinn Yates & Coffrin, Burlington, VT.

FOR DEFENDANTS-APPELLEES
City of Burlington,
Emmett B. Helrich, Wade
Labrecque:    Pietro J. Lynn, Lynn, Lynn & Blackman, P.C., Burlington, VT.

FOR DEFENDANT-APPELLEE
William H. Sorrell:    David R. Groff, Assistant Attorney General, *for* William H. Sorrell, Attorney General of the State of Vermont, Montpelier, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant James E. Pietrangelo, II, proceeding *pro se*,[1] appeals from the district court's judgment (1) denying his

---

[1] We note, as the district court recognized, that Pietrangelo is an attorney with substantial litigation experience. Thus he "cannot claim the special consideration which the courts customarily grant to *pro se* parties." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001) (internal quotation marks omitted).

motion to remand to state court his action raising claims under 42 U.S.C. § 1983 and state law;[2] (2) denying his motions to compel discovery and for leave to conduct additional discovery; (3) granting Defendants' summary judgment motions; and (4) denying his motion for reconsideration of a decision granting summary judgment to certain defendants.  We assume the parties' familiarity with the underlying facts and the procedural history of the case.

**I.   Discovery Rulings**

We review a district court's discovery rulings for abuse of discretion, bearing in mind that a "district court has broad discretion to manage pre-trial discovery."  *Wood v. F.B.I.*, 432 F.3d 78, 84 (2d Cir. 2005).  For substantially the same reasons as those stated in its decisions, the district court did not abuse its discretion in denying Pietrangelo's motions to compel and for leave to conduct further discovery in opposition to the renewed summary judgment motion filed by the Alvas Corporation, George Alvanos, Christine Alvanos, and Evan Alvanos (the "Alvas Defendants").  Given the broad and burdensome nature

---

[2] We address this issue in a separate per curiam opinion in which we conclude that the district court did not err in denying the motion to remand to state court because Defendants' notice of removal and consent to removal were timely under 28 U.S.C. § 1446(b).

of the request at issue—that the Alvas Defendants identify and provide the contact information of every male who had been their friend, acquaintance, employee, servant, family member, or agent over an 18-month period—the district court acted well within its discretion in determining that compelling the disclosure of this information was not a reasonable means of discovering the identity of the John Doe who allegedly assaulted Pietrangelo.

**II. Summary Judgment Motions**

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Having conducted an independent review of the record in light of these principles, we affirm the district court's grant of summary judgment in favor of Defendants for substantially the same reasons stated by the district court in its decisions. Pietrangelo's Fourth Amendment seizure claim is without merit. A "seizure" occurs where, "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). Factors suggestive of seizure include "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Id.* Pietrangelo asserted only that, after the officers responded to Pietrangelo's call, Officer Helrich "ordered and required" him to stand on a strip of grass next to the sidewalk and answer questions. Like the district court, we conclude that this bare assertion is wholly inadequate to defeat Defendants' motion for summary judgment.

With regard to his First Amendment claim, the cases on which Pietrangelo relies in his brief are inapposite, as they involve outright restrictions on speech, rather than the "time, place, or manner" restrictions at issue here. To be sure, Pietrangelo made an affirmation suggesting that his speech was, in fact, restricted, stating that Officer Helrich "considerably reduced the effectiveness of [his] picketing," when Helrich allegedly directed him to picket on a strip of grass adjacent to the sidewalk rather than on the sidewalk itself. *See* Appellant's Br. 44. However, this allegation is blatantly contradicted by the photographs of the area attached to the summary judgment motion filed by the City of Burlington, Officer Helrich, and Officer Wade Labrecque (the "City Defendants"), which reveal that the strip of grass is virtually identical to the sidewalk in all relevant respects, including visibility to pedestrians and vehicles. *See Scott v. Harris*, 550 U.S. 372, 379-80 (2007).

Finally, with respect to the summary judgment motion filed by the Alvas Defendants, as the district court found, the sparse evidence offered by Pietrangelo that was arguably probative of a connection between John Doe and the Alvas Defendants was both unduly speculative and of questionable legal relevance. We have considered Pietrangelo's remaining

6

challenges to all of the district court's summary judgment decisions, including the grant of summary judgment in favor of Vermont Attorney General William Sorrell, and find them to be without merit.

**III.    Motion for Reconsideration**

We generally review the denial of a motion for reconsideration for abuse of discretion. *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 435 (2d Cir. 2011). The district court did not abuse its discretion in denying Pietrangelo's motion for reconsideration based on his argument that the court denied him a meaningful opportunity to oppose the City Defendants' summary judgment motion. The district court correctly concluded that Pietrangelo had not acted in accordance with a reasonable interpretation of accepted legal standards in declining to respond to the City Defendants' motion based on his belief that doing so would waive his right to seek remand, especially where his motion to remand was pending.

We have considered Pietrangelo's remaining arguments pertaining to the issues addressed in this Order and find them to be without merit. For the foregoing reasons, and the reasons set forth in the per curiam opinion accompanying

7

this Order, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk